UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| PITT Cooking America, LLC, <br> PCS Holding B.V. and <br> PCS B.V. <br><br>                 *Plaintiffs*, <br><br>      -v- <br><br> PCS USA LLC, <br> Tulip Cooking Company, and <br> Louis van Leeuwen <br><br>                 *Defendants*. | Civil Action No.: <br><br> **Jury Trial Demanded** |

## COMPLAINT

Plaintiffs, PITT Cooking America, LLC, PCS Holding B.V., and PCS B.V. (hereinafter collectively "PITT"), by and through their undersigned counsel, as and for their Complaint against Defendants, PCS USA LLC, Tulip Cooking Company, and Louis van Leeuwen (hereinafter collectively "Defendants") hereby allege as follows:

## THE PARTIES

1. Plaintiff PITT Cooking America, LLC is a Delaware Limited Liability Company, having a registered agent at 838 Walker Road, Suite 21-2, Dover, DE 19904, and a principal place of business in Brooklyn, New York. PITT Cooking America, LLC is the exclusive licensee and distributor of PITT branded cooking products in the United States.

2. Plaintiff PCS Holding B.V. is a private limited liability company formed in the Netherlands, having a principal place of business at Damzigt 54 in De Meern, 3454ps, 3454 PS Utrecht, Netherlands. Plaintiff PCS Holding B.V. is the owner of the trademark PITT in the United

- 1 -

States for cooking apparatus, as evidenced by the incontestable US Trademark Registration No. 4,702,353 (attached hereto as **Exhibit A**).

3. Plaintiff PCS B.V. is a Netherlands private limited liability company, having a principal place of business at Damzigt 54 in De Meern, 3454ps, 3454 PS Utrecht, Netherlands, which manufactures PITT cooking products and which has entered into an exclusive licensing and distribution agreement with Plaintiff PITT Cooking America, LLC.

4. Defendant PCS USA LLC is a Connecticut limited liability company, with a principal place of business at 209 River Road Extension, Cos Cob, CT 06087, and with a Managing Member listed as Louis van Leeuwen.

5. Defendant Tulip Cooking Company is a Connecticut company, with a principal place of business at 209 River Road Extension, Cos Cob, CT 06087, and with a Managing Member listed as Louis van Leeuwen.

6. Defendant Louis van Leeuwen is an individual, listed as the Managing Member of Tulip Cooking Company and PCS USA LLC, with a business address at 209 River Road Extension, Cos Cob, CT 06087, and a residence address at 23 Pleasant Street, Riverside, CT 06878-1706. On information and belief, Defendant van Leeuwen is the owner and principal officer or Member of Defendants PCS USA LLC and Tulip Cooking Company.

## STATEMENT OF THE CASE

7. Defendant PCS USA LLC entered into an exclusive licensing and distribution agreement to market, sell and service PITT branded cooking apparatus in the United States, with a time period of 2019-2023 (the "Agreement"). That Agreement provided that PCS USA LLC was not permitted to "develop, produce, promote, distribute or sell any products" in the United States which would compete with the PITT Products. (Agreement at 3.2).

8. In addition, the Agreement provided that Defendant PCS USA "shall not use or register any trademark or trade name which is similar to any trademark or tradename" of PCS B.V. ("PITT Marks"). (Agreement at 11.2).

9. PITT Marks include, among others, PITT COOKING SYSTEMS, PITT COOKING USA, PITT COOKING AMERICA, and U.S. Registration No. 4,702,353 for PITT.

10. Despite the restrictions of the Agreement, Defendant van Leeuwen, through Defendant PCS USA formed Tulip Cooking Company in early 2022, during the period when the Agreement was still in force and effect, and began developing for sale and marketing, competing products under the brand TULIP.

11. Moreover, in late 2022, after the Agreement had been terminated with effect on September 30, 2022, Defendant van Leeuwen secretly formed a California limited liability company, PITT Cooking America, LLC. This company name was identical to the name of the new U.S. Distributor of PITT products, Plaintiff PITT Cooking America, LLC, a Delaware company.

12. The Agreement expressly was made subject to Dutch law and jurisdiction to resolve all disputes arising in connection with the Agreement, such as its existence and validity, in the District Court in Utrecht, Netherlands.

13. This action is brought under the laws of the United States and of the state of Connecticut for the torts of unfair competition, false advertising and trademark infringement. An action for breach of contract will be brought in the Netherlands as provided in the Agreement.

**JURISDICTION AND VENUE**

14. Plaintiffs' claims for federal trademark infringement, unfair competition and false advertising asserted herein arise under the Trademark Act of 1946 (as amended), namely, 15 U.S.C. §§ 1051 *et seq*. Therefore, this Court has subject matter and original jurisdiction over those Counts pursuant to 28 U.S.C. §§ 1331 and 1338(a).

15. Plaintiffs' claims for unfair competition also arise under the common law of Connecticut as well as the Connecticut Unfair Trade Practices Act (CUTPA), and are so related to the federal claims asserted herein that they form part of the same case or controversy. Therefore, this Court has subject matter jurisdiction over those Counts pursuant to 28 U.S.C §§ 1338(b) and 1367(a).

16. Plaintiffs' claim for trade name infringement asserted in Count VII, arises under Connecticut common law and is so related to the federal claims asserted herein that it forms part of the same case or controversy. Therefore, this Court has subject matter jurisdiction over Count VII pursuant to 28 U.S.C. § 1367(a).

17. Pursuant to 28 U.S.C. § 1391(b)(3), venue is further proper in this district because, as discussed *infra*, Defendants PCS USA LLC, Louis van Leeuwen, and TULIP Cooking Company are subject to personal jurisdiction in this judicial district.

**FACTS COMMON TO ALL CLAIMS FOR RELIEF**

18. Plaintiffs PCS B.V. and PCS B.V. Holding are well-known producers of high-end cooking apparatus for both residential use and commercial applications. They have been in business since 2009 and distribute in 56 countries. Their products, marketed and distributed under the brand PITT, have been sold in the United States since 2016 and enjoy consumer and trade recognition.

19. In 2019, van Leeuwen, through his company PCS USA LLC, entered into an exclusive distribution agreement for the United States. On information and belief, Defendant PCS USA LLC was formed by van Leeuwen specifically to carry out his obligations under the Agreement.

20. On information and belief, Defendant van Leeuwen is or was during the relevant time period, an officer, director, or Member of his co-Defendants PCS USA LLC and TULIP

Cooking Company, and knowingly directed or participated in the conduct which is the subject of this action, and had actual or constructive knowledge of the conduct and assented to it.

21.The Agreement was terminated by PCS B.V. effective September 30, 2022. Nevertheless, Defendants continued to use the trademarks of Plaintiffs PITT Cooking America LLC, PCS B.V. and PCS Holding B.V. after the termination to promote their new product line, solicit customers and trade, and to intercept and capture inquiries intended for Plaintiffs.

22.After the termination, Van Leeuwen personally identified himself as "the CEO of PITT Cooking USA and also Tulip Cooking."

23.After the termination, Defendants used the term "Pitt Cooking USA", and employed the URL www.pittcookingsystems.com and related email addresses in communicating with the market, the trade and customers.

24.After the termination, Defendants continued to offer PITT products for sale and sold PITT products in the United States.

25.After the termination, on information and belief, Defendants contacted dealers and others in the United States and falsely reported or implied that PITT Cooking was no longer doing business in the United States, that it was going out of business, or that distribution and support of PITT Cooking products was being discontinued in the United States.

26.After the termination, on information and belief, Defendants by express word or by implication, informed the marketplace that PITT products were being rebranded as or replaced by products under the TULIP brand, created and promoted by van Leeuwen. Defendants sent out marketing notices to the trade announcing that PITT Cooking USA was developing a new line of products under the brand TULIP. These actions lead to customers and the trade mistakenly

believing that PITT branded products were being "rebranded as TULIP" products, and were authorized, endorsed or supplied by Plaintiffs PCS B.V. and PITT Cooking America, LLC.

27. As a part of Defendants' actions, van Leeuwen, and his agents and representatives promoted that customers and dealer switch from the display and offer of PITT products, to the display and offer of competing cooking apparatus under the TULIP brand name.

28. After the termination, Defendants or their agents and representatives, substituted themselves at trade events, marketing expositions, or similar events which were advertised, announced and identified as promotions of PITT products, using the PITT trademarks, and instead promoted TULIP products to attendees.

29. In November 2022, van Leeuwen organized and registered as a California limited liability company, PITT Cooking America LLC, a name identical to the new, replacement distributor of PITT cooking apparatus in the United States. This action caused immediate confusion in the trade.

30. After the termination, Defendants have continued to operate, market and sell products using the telephone number, facsimile number and email addresses that are associated in the market with PITT products, and appeared in PITT branded product brochures, marketing materials, and elsewhere. On information and belief, customers and potential customers for PITT products have called that telephone or facsimile number, contacted the email addresses, and been offered or sold TULIP branded products instead of PITT products.

## CAUSES OF ACTION
## COUNT I – FEDERAL TRADEMARK INFRINGEMENT

31. Plaintiffs repeat and re-allege paragraphs 1 through 30 of the Complaint as though set forth fully herein.

32. Count I is against Defendants for infringement of the federally registered, incontestable trademark PITT, in violation of 15 U.S.C. § 1114.

33. Plaintiff PCS Holding B.V. is the owner of the PITT Marks in the United States and is the registrant of U.S. Registration No. 4,702,353 for the mark PITT in connection with:

> *Integrated cooking modules, namely gas hobs, steel or stainless steel rings and steel or stainless steel pan holders, all of which are integrated into gas and electric stoves.*

34. An affidavit under Section 15 of the Lanham Act has been accepted. Consequently, Registration No. 4,702,353 is now considered incontestable, and constitutes conclusive evidence of its validity and ownership by Plaintiff PCS Holding B.V.

35. Defendants' acts and conduct as described *supra*, are likely to cause confusion, cause mistake, and/or deceive the public into mistakenly believing that TULIP branded products originate from or are made by, endorsed or approved by, or somehow connected to or associated with Plaintiffs and their PITT branded products.

36. Upon information and belief, Defendants have used and continue to use the PITT Marks in furtherance of their willful, deliberate, and bad faith scheme to trade upon the brand recognition and consumer goodwill represented by the PITT Marks in the United States.

37. Upon information and belief, Defendants stand to make substantial profits and gain from their use of the PITT Marks in the United States, to which they are not entitled in law or equity.

38. Plaintiffs have suffered, and will continue to suffer, irreparable harm as a direct and proximate cause of Defendants' unfair competition, including, but not limited to, the diversion of sales from Plaintiffs to Defendants and/or a lessening of the goodwill associated with Plaintiffs' PITT Marks.

39. Plaintiffs' have no adequate remedy at law.

## COUNT II – FEDERAL UNFAIR COMPETITION
## IN VIOLATION OF 15 U.S.C. § 1125(A)(1)(A)

40. Plaintiffs repeat and re-allege paragraphs 1 through 39 of the Complaint as though set forth fully herein.

41. Count II is against Defendants for federal unfair competition in violation of 15 U.S.C. § 1125(a)(1)(A).

42. Defendants' acts and conduct as described *supra*, are likely to cause confusion, cause mistake, and/or deceive the public into mistakenly believing that TULIP branded products originate from or are made by, endorsed or approved by, or somehow connected to or associated with Plaintiffs and their PITT branded products.

43. Upon information and belief, Defendants have used and continue to use the PITT Marks in furtherance of their willful, deliberate, and bad faith scheme to trade upon the brand recognition and consumer goodwill represented by the PITT Marks in the United States.

44. Upon information and belief, Defendants stand to make substantial profits and gain from their use of the PITT Marks in the United States, to which they are not entitled in law or equity.

45. On information and belief, Defendants' conduct complained of herein constitutes false designation of origin and unfair competition in violation of 15 U.S.C. § 1125(a)(1)(A).

46. Plaintiffs have suffered, and will continue to suffer, irreparable harm as a direct and proximate cause of Defendants' unfair competition, including, but not limited to, the diversion of sales from Plaintiffs to Defendants and/or a lessening of the goodwill associated with Plaintiffs' PITT Marks.

47. Plaintiffs' have no adequate remedy at law.

## COUNT III – FALSE ADVERTISING IN VIOLATION OF 15 U.S.C. § 1125(A)(1)(B)

48. Plaintiffs repeat and re-allege paragraphs 1 through 47 of the Complaint as though set forth fully herein.

49. Count III is against Defendants for false advertising in violation of 15 U.S.C. § 1125(a)(1)(B).

50. Plaintiffs have standing to bring this federal false advertising claim against Defendants. Plaintiff PITT Cooking America, LLC, an exclusive licensee of PCS B.V., is a direct competitor of Defendants in the cooking apparatus industry within the United States. Plaintiffs have suffered, and continues to suffer, commercial injury-in-fact directly and proximately caused by the infringing advertisements for TULIP products using references to "PITT cooking systems" or employing the telephone or facsimile number displayed on advertising for PITT products. Plaintiffs' business interests are within the zone of interest protected under 15 U.S.C. § 1125(a)(1)(B).

51. The infringing advertisements were, and remain, literally false and/or deceptive and confusing statements of fact regarding the availability, inherent quality, or service of PITT products in the United States ("Unauthorized Advertisements").

52. The use and prominent display of the PITT Marks, and the PITT Cooking Systems and PITT Cooking USA trade names in the Unauthorized Advertisements actually and/or likely deceive consumers into mistakenly believing the TULIP branded products are associated or affiliated with, approved, endorsed, or is otherwise connected to, Plaintiffs or Plaintiffs' famous PITT branded products.

53. The Unauthorized Advertisements are material because they actually and/or likely influenced and continue to influence purchasing decisions by dealers, the trade and their customers.

54. The Unauthorized Advertisements were and continue to be introduced into interstate commerce.

55. Plaintiffs' have suffered, and will continue to suffer, irreparable harm as a direct and proximate cause of the Unauthorized Advertisements, including, but not limited to, the diversion of sales from Plaintiffs to Defendants and a lessening of the goodwill associated with Plaintiffs' famous PITT Marks.

56. On information and belief, Defendants used and continue to use the PITT Marks and trade name prominently in the Unauthorized Advertisements in furtherance of their bad faith, willful, and deliberate scheme to trade off of the brand recognition and consumer goodwill established in Plaintiffs' PITT Marks.

57. Upon information and belief, Defendants stand to make and will make, substantial profits and gain from the Unauthorized Advertisements, to which they are not entitled in law or equity.

58. On information and belief, Defendants' conduct complained of herein (including, but not limited to, the Unauthorized Advertisements) constitutes false advertising in violation of 15 U.S.C. § 1125(a)(1)(B).

59. Plaintiffs have no adequate remedy at law.

### COUNT IV – UNFAIR ACT AND PRACTICES IN VIOLATION OF CONNECTICUT LAW

60. Plaintiffs repeat and re-allege paragraphs 1 through 59 of the Complaint as though set forth fully herein.

61. Count IV is against Defendants for unfair acts and practices in violation of the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110a, *et seq.* ("CUTPA").

62. Defendants' acts and conduct as described *supra*, are likely to cause confusion, cause mistake, and/or deceive the public into mistakenly believing that TULIP branded products originate from or are made by, endorsed or approved by, or somehow connected to or associated with Plaintiffs and their PITT branded products.

63. Upon information and belief, Defendants have used and continue to use the PITT Marks in furtherance of their willful, deliberate, and bad faith scheme to trade upon the brand recognition and consumer goodwill represented by the PITT Marks in the United States.

64. Upon information and belief, Defendants stand to make substantial profits and gain from their use of the PITT Marks in the United States, to which they are not entitled in law or equity.

65. On information and belief, Defendants' conduct complained of herein constitutes unfair acts and practices in competition in violation of Conn. Gen. Stat. § 42-110(b), and subjects Defendants to a civil action under Conn. Gen. Stat. § 42-110(g) of CUTPA.

66. Plaintiffs have suffered, and will continue to suffer, irreparable harm as a direct and proximate cause of Defendants' unfair competition, including, but not limited to, the diversion of sales from Plaintiffs to Defendants and/or a lessening of the goodwill associated with Plaintiffs' PITT Marks.

67. Plaintiffs' have no adequate remedy at law.

### **COUNT V – UNFAIR COMPETITION**

68. Plaintiffs repeat and re-allege paragraphs 1 through 67 of the Complaint as though set forth fully herein.

69. Count V is against Defendants for unfair competition in violation of Connecticut common law.

70. On information and belief, Defendants have used and continue to use the PITT Marks and trade name to suggest to consumers there is a connection or association between Defendants and the recently launched TULIP products on the one hand, and Plaintiffs or the famous PITT brand, on the other hand.

71. As a result of Defendants' use of the PITTT Marks and trade name, consumers actually and/or are likely to associate the TULIP brand products with Plaintiffs' PITT brand.

72. By using the PITT trade name in the marketing of Defendants' products, Defendants misappropriated for their own use and benefit the brand recognition and consumer goodwill in the PITT Marks.

73. Upon information and belief, Defendants' conduct complained of herein constitutes unfair competition in violation of Connecticut common law.

74. As a direct and proximate result of Defendants' unfair competition, Plaintiffs have been damaged, and continue to be damaged by, for example, diminished brand recognition and consumer goodwill for its PITT brand, and is likely to be damaged by diversion of sales and reduced revenues and profits attributable to the unfair acts of Defendants.

75. The damages caused by this unfair competition are ongoing, irreparable, and permanent.

76. Plaintiffs have no adequate remedy at law.

### **COUNT VI – UNJUST ENRICHMENT**

77. Plaintiffs repeat and re-allege paragraphs 1 through 76 of the Complaint as though set forth fully herein.

78. Count VI is against Defendants for unjust enrichment in violation of Connecticut common law.

79. Defendants have been enriched by using the PITT Marks within the United States to promote, market and sell their TULIP products.

80. By using the PITT Marks and trade name, Defendants generated brand recognition and consumer goodwill for the new TULIP brand products without having to expend the extensive labor, skill, and expenditures otherwise necessary to do so.

81. The aforementioned enrichment of Defendants was at Plaintiffs' expense.

82. As a direct and proximate result of Defendants' actions, Plaintiffs were damaged, and continue to be damaged by, for example, diminished brand recognition and consumer goodwill for their PITT branded products, diverted sales, and lost revenue and profits from sales of Plaintiffs' PITT branded products.

83. On information and belief, the foregoing constitutes unjust enrichment in violation of Connecticut common law.

84. Accordingly, equity and good conscience dictate that Defendants make restitution to Plaintiffs, in an amount to be determined at trial.

## COUNT VII – TRADE NAME INFRINGEMENT

85. Plaintiffs repeat and re-allege paragraphs 1 through 84 of the Complaint as though set forth fully herein.

86. Count VII is against Defendants for trade name infringement in violation of Connecticut common law.

87. Plaintiffs have the exclusive right to use the PITT Marks in the United States to advertise, market, and promote their PITT branded products.

88. PITT COOKING SYSTEMS is one of the PITT Marks.

89. PITT COOKING USA is another one of the PITT Marks.

90. PITT COOKING AMERICA is yet another one of the PITT Marks.

91. PITT COOKING SYSTEMS, PITT COOKING USA and PITT COOKING AMERICA contain the primary PITT mark in its entirety.

92. Defendants' use of the PITT Marks as a trade name deceives and misleads and/or is likely to deceive and mislead the public about Defendants' identity and/or whether Defendants are associated or affiliated with, or otherwise connected to, Plaintiffs and/or Plaintiffs' PITT branded products.

93. Defendants' use of the trade name PITT COOKING AMERICA, PITT COOKING SYSTEMS or PITT COOKING USA violates Connecticut common law.

94. As a direct and proximate result of the misuse of the PITT Marks in trade names by Defendants, Plaintiffs were damaged, and continue to be damaged by, for example, diminished brand recognition and consumer goodwill for their PITT branded products, and/or diversion of sales.

95. Plaintiffs have no adequate remedy at law.

**PRAYER FOR RELIEF**

**WHEREFORE**, based on the foregoing, Plaintiffs pray for judgment against Defendants as follows:

A. A Declaration that Defendants have engaged in unfair competition in violation of 15 U.S.C. § 1125(a)(1)(A);

B. A Declaration that Defendants have engaged in false advertising in violation of 15 U.S.C. § 1125(a)(1)(B);

C. A Declaration that Defendants have engaged in unfair competition in violation of the Connecticut Unfair Trade Practices Act;

D. A Declaration that Defendants have engaged in unfair competition in violation of Connecticut common law;

E. A Declaration that Defendants have been unjustly enriched in violation of Connecticut common law;

F. A Declaration that Defendants have engaged in trade name infringement in violation of Connecticut common law.

G. A Declaration that all Defendants have violated Plaintiffs' exclusive right to use the PITT Marks in the United States to advertise, market, and promote their products;

H. An Order preliminarily and permanently enjoining and restraining Defendants, their parents, subsidiaries, divisions, branches, affiliates, predecessors or successors-in-interest, Members and any entities acting or purporting to act for or on behalf of any of the foregoing, including any agents, employees, representatives, officers, directors, servants, and partners, and those persons in active concert or participation with them, from manufacturing, producing, publishing, distributing, licensing, using, copying, reproducing, advertising, promoting, displaying, offering for sale, selling, and/or otherwise exploiting any good or service bearing any mark or other designation identical or confusingly similar to any of the PITT Marks;

I. An Order preliminarily and permanently enjoining and restraining Defendants, their parents, subsidiaries, divisions, branches, affiliates, predecessors or successors-in-interest, and any entities acting or purporting to act for or on behalf of any of the foregoing, including any agents, employees, representatives, officers, directors, servants, and partners, and those persons in active concert or participation with them, from engaging in any acts of unfair competition, false advertising, or trade name infringement utilizing any mark or other designation identical or confusingly similar to any of the PITT Marks;

J.    An Order directing Defendants to remove the PITT Marks, or any colorable imitation(s) thereof, from all of their web sites, advertising, marketing, and promotional materials, whether electronic, printed or otherwise, under their direct or indirect dominion or control;

K.    An Order, pursuant to 15 U.S.C. § 1118, directing the seizure, delivery and destruction of each good and service in the United States (including, but not limited to, advertising, marketing, and promotional materials), whether electronic, printed or otherwise, under Defendants' possession, custody or control that violates Plaintiffs' exclusive rights in and to the PITT Marks;

L.    An Order directing that all Defendants to disable and turn over to Plaintiff PCS B.V. any website, email address, and telephone and facsimile number used in connection with the sale or offering to sell PITT branded products;

M.    An Order requiring all Defendants to account for and pay over to Plaintiffs: (i) any and all profits derived by Defendants from their violation(s) of Plaintiffs' exclusive rights in and to the PITT Marks in the United States, and (ii) all damages sustained by Plaintiffs as a result of Defendants' violation of Plaintiffs' exclusive rights in and to the PITT Marks in the United States, in amounts to be determined at trial;

N.    An Order requiring all Defendants to account for and pay over to Plaintiffs an amount sufficient to conduct corrective advertising within the United States sufficient to counteract the effect of Defendants' infringing activity, unfair competitive acts and false advertising, in an amount to be determined at trial;

O.    A Declaration that this case is "exceptional" within the meaning of 15 U.S.C. § 1117, and awarding Defendants their reasonable costs and attorneys' fees based thereon;

P.    An Order awarding Plaintiffs pre and post-judgment interest; and

Q. An Order awarding Defendants any further relief this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Pursuant to Rules 38(b) and 38(c) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury for all claims so triable.

Dated: January 16, 2023

Respectfully submitted,

/s/ *Armin Ghiam*
**HUNTON ANDREWS KURTH LLP**
Armin Ghiam (Bar No. CT31331)
200 Park Ave.
New York, NY 10166
Tel.: (212) 908-6207
Fax: (212) 309-1100
Email: aghiam@huntonak.com

Edward T. Colbert (to apply *pro hac vice*)
Erik C. Kane (to apply *pro hac vice*)
2200 Pennsylvania Ave. N.W.
Washington, DC 20037
Tel.: (202) 662-3010
Fax: (202) 778-2201
Email: ecolbert@huntonak.com
Email: ekane@huntonak.com

*Attorneys for Plaintiffs*
*PITT Cooking America, LLC,*
*PCS Holding B.V. and PCS B.V.*